Good morning, and may it please the Court. My name is Kevin Steinberg, and I represent appellants in this action. Today this Court is called upon to address a gap, or perhaps not a gap, in 29 U.S.C. section 213 of the FLSA. The Court can look at this, and should look at this, in two ways. One, under a statutory construction, given by... The statute is clear, isn't it? I mean, it says any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles. I agree with you, Your Honor, and that's, it is very clear. It says salesman, partsman, or mechanic. It does not say service advisor. In fact, in earlier acts of Congress, in the word service advisor is there. So Congress certainly knew what a service advisor was and what it did, and Congress intentionally chose not to include it in there. So under a statutory interpretation, statutory construction, this statute doesn't apply to service advisors. But let me ask a question slightly different. What does a service advisor do except sell servicing? I mean, it says a salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles. He's engaged in servicing automobiles. I mean, you pull into the dealership, and out comes a service advisor, and you say, oh, I need an oil change. He says, well, you've got... I'm making this up, obviously. I know nothing about cars, but you've got 50,000 miles on your car. You really ought to have the transmission drained, and I'd recommend doing that than having the finutener rod replaced because of blah, blah, blah. I mean, he's selling servicing, isn't he? Well, let me address... I mean, because he's a salesman, he's trying to talk you into more service. Let me address your question in two parts, because I've perceived it in two parts. Sure. So what is a service advisor? So under the EDD, California Occupational Guides, an automobile service advisor performs the following tasks. And these tasks, you'll see why he's not servicing, or she is not servicing. Advise customers about necessary service, help identify a mechanical problem, confer with customers about inspections, prepare a repair order showing time, cost, and labor, write a brief description about the problem, explain the work, and handle customer complaints. The very first item there is selling servicing. So the very first item, in effect, is selling servicing. Right. Selling servicing. But it says, if you look at the second part of the statute, it says primarily engaged in selling or servicing. Well, it seems to me that to the extent it's ambiguous, why wouldn't we simply defer to the interpretation of the Department of Labor, which excludes service advisors? Excludes service advisors from the exemption. That's my argument, is that the court should defer under Chevron and the Long Island Care at Home case, that it should defer to the Department of Labor, because actually our It seems to me that one of the things that we need to think about is the Supreme Court's recent case in Sandifer, and there's a footnote in that case that says that the exemptions are to be narrowly construed against the employer. So that also seems to play into the calculus if the statute is ambiguous. And it seems to me ambiguous, because, I mean, you can make a plausible, rational argument either way that a service advisor is selling services, at least in part, and then you can argue about whether it's primarily, but you can also argue that they're talking about selling cars, selling parts, or servicing cars in those three segments. So I guess I don't know why you wouldn't agree that the statute is ambiguous, but... Well, first I agreed with Judge Mahan that the statute is clear on its face. It doesn't include service advisor. Then I have a fallback position as it is ambiguous, and I put this in my brief, and because it's ambiguous, and because under the U.S. Supreme Court of Chevron and the Long Island case, where it is ambiguous, the courts can look at the Department of Labor for interpretation. But the Fourth Circuit said that's an unreasonable interpretation, right? I'm sorry? The Department of Labor interpretation is unreasonable. Wasn't that the Fourth Circuit case? That the Department's interpretation of the exemption is unreasonable? I think it might be the Fifth Circuit, the Brennan case. Yeah, that's it, yeah. I know my reading glasses, I'm sorry. The Brennan case, I'd like to distinguish. There, it plainly stated that it was a test case. It also said that it's giving, quote, its best interpretation of Section 213. So this court, I think, can and should give a better interpretation of 213 and defer to the Department of Labor, which expressly denied the Walton v. Greenbrier-Ford case. So also, if you look at the Brennan case, and I don't know if this was an intentional or not, but the court chose the words service salesman instead of service advisor. So, you know, to me, I thought that maybe that was a means to an end. Perhaps they called it a service salesman to better fit it within this exemption. But they're not salesmen. They're, at best, as the district court acknowledged, a hybrid. And what do we do with a hybrid? No court, at least in my opinion, has figured this out, what you do with a hybrid. Well, so what's interesting to me is that, but currently, NCMOTORS pays the service advisors on a commission basis, right? Yes. Okay, so that incentivizes them, perhaps, to sell more servicing than the car necessarily needs so that they get a higher take-home pay, right? Let's hope not, but human nature probably plays into that fact. So I have experience with a service advisor. I get my car serviced, and I have a service advisor, and I always have thought, until I read this case, that he's being honest with me when he's saying that I need my oil changed and I also need X, Y, and Z being done. And so all of a sudden, I started thinking, well, gee, is he on a commission basis or a wage, an hourly wage basis? Or can I rely on what his advice is and when my servicing should be done and how often? And I think from a policy perspective, you probably want that person in that position not to have an incentive to maybe sell more than you necessarily need. Well, I agree, Your Honor, and I, too, believe the same thing and felt the same way. When I go to a service dealer, I thought that he or she told me what I needed, and now they're upselling. But one of the cases actually addressed that point, too, where it talked about that the service advisor, they had an incentive to sell more because they made more money, and that's why they should be exempt. But I think that the flip side can be true also. If they work harder and longer hours, then they would make money as well. Well, there's another problem with thinking about how they are paid, and that is that neither the statute nor the regulation is framed in terms of the method of compensation. They're phrased in terms of the nature of the function that is performed. Someone is either a mechanic or they're not, regardless of their paid hourly or piecework or whatever. So I'm not sure how that plays into our analysis. It doesn't really. I'm just thinking of it from a practical perspective. I'm assuming that you then defer to the state or federal minimum wage laws, and there's plenty of cases on that. So the employee would have to be paid at least the minimum wage and then... No, of course, that's still true. I had a completely separate question that I want to be sure I understand your position. The district court had alternative reasons for dismissing claims 3, 5, and 7. And I do not understand your opening brief to be challenging those alternative holdings on those three claims. Is that correct? I guess that is correct, Your Honor. We were under the understanding that the district court kind of threw out the baby with the bathwater, so that's why we didn't... We're really focused on this narrow band of issues. Let me go back to the Fourth Circuit case, if I could. Are you familiar with the case of Walton v. Green, Breyer, Ford? Well, that's the one where the circuit rejected the secretary's interpretation, correct? Yes, but the secretary did not agree with that, and there are a couple of distinguishing... But he overruled the Fourth Circuit? Well, they can't overrule... I know they can't. I mean, that happens all the time. A lot of people disagree with my decisions. In their opinion, we go back to, again, what you and I started with, that the statute is clear on its face. And so in Walton, the argument that is distinguishable is 213 limits to salesmen who sell, and 213 limits to partsmen and mechanics who service. So we don't have... A service advisor, again, primarily isn't engaged in selling, and again, is not involved at all in being a parts person. They're not in the parts shop of the dealer, and they're not underneath the car with people. He's an amalgam of all those positions, because, I mean, he's in the servicing, and he tries to sell services, and probably, I mean, just tries to sell parts as well. Right. And so if Congress had intended to include that amalgamism of a person, they could have and should have and would have put some other type of word or expansion. They would have? Boy, your faith in Congress is far exceeding mine. Okay. Thank you.  Good morning, Your Honors. May it please the Court. Todd Sherwin, Fisher & Phillips on behalf of Encino Motorcars. I want to start directly with what the FLSA says here. The FLSA uses the words any. It says any salesman, partsman, or mechanic primarily engaged in selling or servicing. There's no dispute here, based on the reading of the record and the complaint that these individuals are selling. Despite what counsel said about the EDD's interpretation and the EDD regulations that he cited to, this complaint here says that these individuals are soliciting service to be conducted, soliciting supplemental service to be conducted, and upselling the customers. So these folks are not... It depends on two things. It depends on whether they even count as salesmen because they're not called salesmen, and it depends on what is their primary activity. So it seems to me that the statute, at least textually, is ambiguous. It's reasonable to look at it the way you do, but it's also reasonable to say, look, these things have to be narrowly interpreted against the employer, and you're not a salesman selling cars, you're not a partsman selling parts, and you're not a mechanic fixing cars. You're something else. Clearly, not everybody who works at a car dealership is exempt. That's obvious. The janitor is not exempt. The person who answers the phones is not exempt. Lots of people could work there who are not exempt. So it has to do very specifically with their primary function, and I guess I have a difficult time saying that this is unambiguous in your favor. Your Honor, I do not think it is ambiguous. I think if you look at the plain reading of the statute and the way that the Fourth and Fifth Circuit have interpreted it, as well as the Montana Supreme Court, who's interpreted it the most recently in 2013, you're dealing with individuals who are not only selling, they're selling, they're not selling cars, of course, we're not saying they're selling cars, but the statute doesn't say you need to be selling cars. It says, any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles. Yes, but grammatically that's ambiguous, too, because the salesman can refer to primarily engaged in selling, and the partsman and mechanic are primarily engaged in servicing. That's also a permissible way to read the statute. So it's, to me, both grammatically and functionally ambiguous, and for the sake of the next question, I want you to assume that it's ambiguous, and I know you don't concede that. If it is ambiguous, notwithstanding what the other circuits have done, why would we not defer to the interpretation of the Department of Labor, which clearly has thought about this question extensively? It's not just sort of in passing, and they've issued a regulation that is the same as it's always been, which excludes service advisors from the exemption. Why would we not have to defer to that if the statute is ambiguous? All right, so assuming the statute's ambiguous, Your Honor, the Department of Labor has not been consistent in its position. The Department of Labor was obviously hot and heavy on this issue in the 60s and 70s when the Fifth Circuit case came out. And they thought about changing it, but the actual regulation has never said what you wanted to say. Well, what the regulation said, it dealt with when a service advisor is not exempt, and that's what the change was in the Department of Labor's regulations in 2011. Let me just reiterate my question in a different way. Would you agree that there has never been a regulation that affirmatively does what you would like it to do, which is to say that a service advisor or someone of similar function is, in fact, covered by this exemption? The Department of Labor has never said that, correct? There's no Department of Labor regulation that deals specifically with the exemption of a service advisor. That's correct, Your Honor. Well, that's not correct. They do deal with it. There's never been one that says they're exempt. Is that right? Well, the regulation that was deleted dealt with when they're not exempt. It says when service advisors are not primarily engaged in selling, they're not exempt, and that's what the DOL removed from its regulations. Okay. That's fair enough, but they've never expressly agreed with you. I would have to concede on that, Your Honor. They've never expressly agreed with me. Or the way that this has been followed under the FLSA and the Fourth and Fifth Circuit and most recently Montana over the past 40 years. I submit that if Congress, who obviously wrote the FLSA, didn't want these individuals to be considered exempt, they've had 40-plus years to change it. We've had decision after decision that have spanned since the early 70s that deal with the issue of service advisors being exempt. The fact that Congress hasn't changed anything when it comes to the FLSA and the courts in the Fourth and the Fifth Circuit, and again most recently Montana, have consistently held that these individuals, because they're primarily engaged in selling, are exempt under the law. I don't see how the lack of anything from Congress specifically including service advisors defeats the proposition that we're putting forward here today. Congress has never been more specific than this statute. They haven't done the act in either way. They haven't said, wait, let's say these people are exempt, and they haven't said, no, these people are not exempt, right? Congress hasn't taken any action on this issue. Other than Your Honor saying that any salesman primarily engaged in selling or servicing, which again according to the... to say they're not exempt, or they haven't changed it to say specifically they are exempt either. I mean Congress just hasn't acted, I mean Congress doesn't help at all on this other than the words of the statute. Other than Congress has had the opportunity based on the district court's interpretation of this statute to say, no, no, no, that's not what we meant by this. They've had all the opportunities in the world. I guess Judge Mahan's question is really that nothing has changed congressionally, right? I mean service advisors aren't in and they aren't out explicitly, correct? The only thing that's changed, yeah, that's correct Your Honor. The only thing that's changed is based on the House Appropriations Bill recently where the DOL was pushing this issue by striking that section from its latest regulations. They said we're not putting forward any funding to that. We do not want the DOL supporting this exemption, non-exemption issue. We want things to stay as is, meaning these individuals are going to continue to be treated as exempt. I had a question and it just flew out. That's okay, keep going. I know what my question was. What, if any, effect does the footnote in Sandifer have that specifies that the exemptions found in Section 213 must be narrowly construed against employers? What effect does that have on our analysis? Well, every case says that, Your Honor. I think if you look at the 4th and 5th district cases, they say that too. They say every exemption has to be narrowly tailored against the employer, but that doesn't change the analysis. That's the nature of the law, both federal and state law. It's always you pay people hourly unless you can show otherwise, but here we can show otherwise. They're not required to be paid hourly. They're required to be paid a certain minimum in numerous different ways. I apologize. I misspoke, Your Honor. I said exempt versus non-exempt. I think what's more important in the Sandifer decision is the discussion in Sandifer about how if we have the DOL and changing politics here, one secretary of the Department of Labor may say exempt under a particular president, and then another one may say non-exempt under a particular president. When I read Sandifer, I read it saying if we are going to change the law based on a new interpretation of the DOL or the striking of a provision because there happens to be a Democrat in the White House or a Republican in the White House, we're going to end up back here in a couple years when maybe there's a flip-flop. That's what Sandifer, when I read Sandifer, Sandifer goes at length to talk about we can't change things. I forget what term it used specifically, but almost it said we can't change things really. That's sort of black letter law too, that an agency that alters its interpretation has to have an explanation for why. That's certainly, that's been true for a long time before Sandifer also. But it appears to me that the most recent explanation from the Department of Labor is an explanation. It's not just oh, here we are. Again, the most recent explanation from the Department of Labor was merely striking out a section of the regulations that dealt with service advisors who are not primarily engaged, are not exempt. That's the only change by the Department of Labor. I submit our position here today is that we're assuming that the Department of Labor here has been clear and I don't think that's true. Why is it that we have a case in the 5th Circuit in the 70s and a case in the 4th Circuit in 2004 and there's nothing in between? The assumption from that is that the Department of Labor has not taken a consistent position. There's nothing in the record or there's nothing in the case law or in the department's own regulations that says the Department of Labor has taken a consistent position. This lack of any movement on them in that 30 or 40 years suggests to me that they haven't been taking consistent positions. And now all of a sudden here we are in 2011 when they decided to strike out that section from the regulations that dealt with when a service advisor is not exempt versus dealing with anything with a service advisor being exempt. There hasn't been any enforcement of that position and going back to what I said a couple of minutes ago, in fact the House of Representatives has made it clear that they do not want the Department of Labor enforcing that based on the lack of funding given toward the Department of Labor in that and that's in our briefing so I'm not going to beat a dead horse there. I also submit for your honors that in several of the cases, some of which were submitted by opposing counsel, there's discussions of amicus briefs submitted by the Department of Labor and I think most recently in the Christopher versus Smith-Klein Beecham case in 2011 that was before this court, there was discussion of inconsistent positions taken by the Department of Labor and not being able to give weight to the Department of Labor and in that case, the Department of Labor came forward in that case and actually filed a brief with this court trying to support its position and this court still struck down the Department's position because it wasn't consistent, it seemed to be moving with the change of the times and the politics and didn't find there to be consistency in enforcement and that's an important piece here because I think we're assuming and assuming wrongly and erroneously that the Department of Labor is being consistent so that was the Christopher versus Smith-Klein Beecham case decided in 2011. Just in conclusion, and going back to that Montana Supreme Court case which of course I know is not binding on this court but that was Thompson versus J.C. Billion and I mean that case was in 2013, I mean that case, we're talking about a case that was a couple years after this so-called movement by the Department of Labor and its regulation and that was a case where the Montana Supreme Court found that these exact same types of individuals, these service advisors were exempt from overtime and that was even after the Montana Department of Labor, the state agency like the Department of Labor there also found that those individuals were exempt. Presumably the Montana Department of Labor would be able to interpret that statute as well. If there's no further questions, thank you. I don't believe so, thank you. Mr. Steinberg, do you have some rebuttal time? I just want to address two things that the court brought up. One, as the Department of Labor's announcement in April 5th, 2011 wasn't done lightly as you look at the regulations, they studied this for three years. They invited briefing and consultations and meetings from the National Automobile Dealers Association. They interviewed lots of people. My recollection is that the National Automobile Dealers Association, I may be wrong because I haven't looked at it specifically in a while, but they never responded so the Department of Labor did spend a considerable amount of time analyzing this. It wasn't a fly-by-night decision and it was well thought. Getting back to the Sandifer case and how the statutes are supposed to be narrowly tailored against the employer, there's also I think a public policy argument here too. If a service advisor is getting a commission, let's say on a $5,000 transmission, then the automobile dealer is probably making a lot of money off of that transmission. Certainly a lot more than the employer would make by paying the person overtime. So from a public policy position, I think it benefits and behooves the employee to be paid by the hour as compared to this commission basis. That's all that I have. Thank you, Counsel. The case just started to be submitted and we appreciate the very interesting arguments from both sides.
judges: Mahan, Graber, Wardlaw